IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MYRON KEITH NICHOLS,**

        **Plaintiff,**

v.

        Civil Action No. 12-2206-CM-DJW

**KANSAS HIGHWAY PATROL,**
**et. al.,**

        **Defendants.**

**O R D E R**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent him for the remainder of this case. Plaintiff has been granted leave to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 6).

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[1] The Court may, however, appoint counsel in a civil action under the *in forma pauperis* statute, 28 U.S.C. § 1915.[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3] In considering whether to appoint counsel under 28 U.S.C. §

---

[1] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

[2] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. Civ. A. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

1915(e)(1), the district court may consider a variety of factors, including: (1) the litigant's financial ability to afford counsel, (2) the litigant's attempts to secure counsel, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, (5) the complexity of the legal issues raised by the claims, and (6) the merits of the litigant's claims.[4]

Under the above-referenced factors, the Court finds that Plaintiff's Motion for Appointment of Counsel is warranted. The Court finds that Plaintiff is financially unable to afford counsel and has shown diligence in attempting to secure counsel. In addition to being granted leave to proceed *in forma pauperis*, Plaintiff contacted six attorneys, all of whom declined to represent him. The Court also finds that the nature of the factual issues and legal issues raised are not straightforward and are relatively complicated or complex. Plaintiff names seven defendants in his Complaint, alleging that Defendants violated his civil rights. Of the defendants, four are members of the Kansas Highway Patrol. Plaintiff alleges, among other things, that these four defendants used their positions in, and the resources of, the Kansas Highway Patrol to violate his civil rights. The number of defendants named, their positions, and the resources available to them would substantially complicate Plaintiff's ability, proceeding without counsel, to investigate and present his claims.

Plaintiff is also required to make an affirmative showing that his claims have sufficient merit to warrant the appointment of counsel. Based on the Court's review of Plaintiff's Complaint and attachments, the Court finds Plaintiff's claims, though broadly articulated, at this stage appear to present colorable claims sufficient to warrant the appointment of counsel. The Court therefore concludes that Plaintiff's Motion for Appointment of Counsel should be granted. A separate order

---

[4] *See Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995). *See also Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421–1422 (10th Cir. 1992).

will be issued naming the counsel to be appointed after the Court has located the appropriate attorney to represent Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is granted.

**IT IS SO ORDERED**.

Dated in this 21st day of May, 2012, at Kansas City, Kansas.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge